IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | : | CRIMINAL ACTION |
|---|---|---|
| v. | : | NO. 09-155-6 |
| CARLOS R. MARTINEZ | : | |

**OPINION**

**Slomsky, J.**                                                                                                 **November 19, 2010**

## I. INTRODUCTION

Defendant Carlos Robe Martinez, Jr. has filed a Motion for Pretrial Release (Doc. No. 144) and a Memorandum of Law In Support of Defendant's Motion For Pretrial Release (Doc. No. 178).[1] On October 10, 2010, the Government filed a response in opposition to Defendant's Motion for Pretrial Release. (Doc. No. 173). This Court held a hearing on Defendant's Motion on October 27, 2010. Counsel for Defendant and the Government presented arguments in support of their respective positions. Defendant offered proffers through his counsel and did not present any witnesses. Taking into consideration the arguments and briefs of Counsel and the record in this case, the Court will deny Defendant's Motion for Pretrial Release.

## II. BACKGROUND

On April 28, 2010, a grand jury returned a Superceding Indictment (Doc. No. 9) charging

---

[1] Defendant appeared before United States Magistrate Judge Arnold C. Rapoport for a Detention Hearing on August 3, 2010 and stipulated to Pretrial Detention at that time.

1

Defendant in two (2) counts with the following offenses:[2]

    (1)    Conspiracy to commit murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5) (one count) and

    (2)    Using and carrying a firearm during a violent crime in violation of 18 U.S.C. § 924(c) (one count).

The maximum sentence for these offenses is life imprisonment with a mandatory minimum of five (5) years imprisonment.[3] (Doc. No. 173 at 1.)

On July 21, 2010, Defendant was arrested on the Superceding Indictment. (Doc. No. 173 at 2.) On July 29, 2010, United States Magistrate Judge Henry S. Perkin ordered that Defendant appear before United States Magistrate Judge Arnold C. Rapoport for arraignment. (Doc. Nos. 67, 76.) Defendant appeared before Judge Rapoport on August 3, 2010 and at that time counsel was appointed to represent Defendant. (Doc. No. 79.) Defendant stipulated to pretrial detention. (Id.) As noted above, on September 14, 2010, Defendant filed a Motion for Pretrial Release. (Doc. No. 144.) On October 20, 2010, the Government filed a response in opposition. (Doc. No. 173.) Defendant filed a Memorandum in Support of his Motion for Pretrial Release on October 26, 2010. (Doc. No. 178.)

On October 27, 2010, the Court held a hearing on Defendant's Motion for Pretrial

---

[2] The grand jury returned the initial indictment in this case on March 11, 2009. Defendant was charged with violations of 18 U.S.C. §§ 1959(a)(5), 924(c)(1)(A)(ii) and 2. These charges have been replaced by those alleged in the Superceding Indictment.

[3] At the October 27, 2010 hearing, the Government opined that, although not alleged in the Superceding Indictment, Defendant qualifies as an Armed Career Criminal ("ACC") under 18 U.S.C. 924(e) and therefore faces a mandatory minimum of fifteen years imprisonment and not just five years imprisonment under the § 924(c) count. (Transcript of Hearing, Oct. 27, 2010 ("Hr'g Tr.") 23:12-20); see also 18 U.S.C. § 924(e)(1). Because the ACC claim is not asserted in the Superceding Indictment and was not briefed by the parties, the Court will not consider it at this time.

Release (the "Hearing"). At the Hearing, Defendant's Counsel made three arguments in support of Defendant's Motion for Pretrial Release. First, Counsel argued that Defendant was the least culpable of the named defendants in the Superceding Indictment. (Hr'g Tr. at 5:20-25.) Second, Counsel argued that if the Court declined to grant Defendant's Motion, Defendant would be subjected to a lengthy detention because of the scope and complexity of the pretrial discovery process. (Id. at 6:2-8.) Finally, Counsel argued that a charge under 18 U.S.C. § 924(c) may not be considered a crime of violence under the Bail Reform Act for purposes of considering pretrial detention. (Id. at 8:8-25.)

Defendant's Motion for Pretrial Release asserts that "with the imposition and enforcement of certain conditions to ensure Defendant's presence at trial," Defendant should be released on bail. (Doc. No. 143 at 3.) At the Hearing, Counsel for Defendant elaborated upon this request and offered house arrest and electronic monitoring as adequate conditions to ensure Defendant's presence at trial. (Hr'g Tr. at 7:13-20.) If released, Defendant plans to reside at his mother's home. (Id. at 19:5-21.)

In response, the Government contended that the charge against Defendant under 18 U.S.C. 924(c) creates a statutory presumption that Defendant is both a danger to the community and a flight risk and for these reasons he must be detained pending trial. (Id. at 21:19–22:2.) The Government also argued that Defendant's lengthy criminal history is a strong indicator that Defendant is not an appropriate candidate for pretrial release. (Id. at 26:6-15.) Finally, the Government argued that Defendant failed to offer any evidence to rebut the presumption that Defendant is a danger to the community and a flight risk. (Id. at 26:20-25.)

3

**III. JURISDICTION**

By moving for pretrial release, Defendant is in essence requesting a review of Magistrate Judge Rapoport's August 3, 2010 Detention Order. This Court has jurisdiction to review the Magistrate Judge's Detention Order under 18 U.S.C. § 3145(b). Section 3145(b) "requires this Court to make a *de novo* determination of the findings of fact underlying the detention Order." United States v. Cole, 715 F. Supp. 677, 677 (E.D. Pa. 1998) (*citing* United States v. Delker, 757 F.2d 1390, 1394 (3d Cir. 1985)).

**IV. LEGAL STANDARD**

Detention of a federal defendant prior to trial is controlled by the Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq*. Pursuant to 18 U.S.C. § 3142(e)(1), a defendant may be detained pending trial:

> If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person in the community.

Furthermore:

> Subject to rebuttal by [a defendant], it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of [a defendant] as required and the safety of the community if the judicial officer finds that there is probable cause to believe that [a defendant] committed-
>
> . . .
>
> (B) an offense under section 924(c), 956(a), or 2332b of this title.

Id. § 3142(e)(3)(B); see also United States v. Strong, 775 F.2d 504, 507 (3d Cir. 1985) (noting that, in enacting 18 U.S.C. § 3142(e), Congress explicitly stated that offenses involving the possession or use of a destructive device create a strong probability "that no form of condition or

release will be adequate to protect the community").

## V. DISCUSSION

### A. Statutory Presumption Pursuant to 18 U.S.C. § 3142(e)(3)(B)

Defendant is charged in the Superceding Indictment with conspiracy to commit murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5) and using and carrying a firearm during a violent crime in violation of 18 U.S.C. § 924(c). The maximum sentence for these offenses is life imprisonment with a mandatory minimum of five (5) years imprisonment. (Doc. No. 173 at 1.) The charged violation of 18 U.S.C. § 924(c), plus the finding by the grand jury that returned the Superceding Indictment that there is sufficient probable cause to believe that Defendant committed this crime, triggers a statutory presumption that no condition or combination of conditions will reasonably assure the appearance of Defendant at trial or will reasonably assure the safety of the community. See 18 U.S.C. 3142(e)(3)(B).

The requisite probable cause for the presumption to apply is established by the grand jury finding sufficient evidence to support the charges contained in the Superceding Indictment. An indictment "is sufficient to support a finding of probable cause triggering the rebuttable presumption of dangerousness under § 3142(e)." United States v. Suppa, 799 F.2d 115, 119 (3d Cir. 1986) (noting that although the Government always carries the burden of persuasion, the probable cause determination predicated on an indictment merely shifts the burden of producing lack of evidence of dangerousness onto the defendant); United States v. Levy, No. 08-393, 2008 WL 4978298, at *1 (E.D. Pa. Nov. 20, 2008) (noting that based on an indictment defendant is subject to the statutory presumption against bail set forth in 18 U.S.C. § 3142(e)).

As further proof of probable cause to believe that Defendant committed an offense in

5

violation of 18 U.S.C. § 924(c), the Government proffered that it possesses evidence against Defendant consisting of statements by cooperating individuals, surveillance observations by law enforcement, seized weapons, and testimony of a member of the Federal Bureau of Investigation and various police officers who were involved in the investigation and arrest of Defendant. (Hr'g Tr. 32:7–33:15; Doc. No. 173, Exhibit ("Ex.") A at 2.) The Government also asserted that it had an informant working with law enforcement who participated in the crime with Defendant. (Hr'g Tr. at 32:7–33:9.)

Based on the foregoing, the statutory presumption that no condition or combination of conditions will reasonably assure Defendant's appearance at trial and the safety of the community is applicable in this case. See Suppa, 799 F.2d at 119; 18 U.S.C. § 3142(e)(3).

B.  Factors to be Considered by the Court

Having found the statutory presumption applicable, the burden shifts to Defendant to rebut the presumption. Defendant may put forward rebuttal evidence including "'testimony by co-workers, neighbors, family physician, friends, or other associates concerning the arrestee's character, health, or family situation,' or evidence of steady employment." Levy, 2008 WL 4978298, at *1 (quoting United States v. Perry, 788 F.2d 100, 115 (3d Cir. 1986)); see also Suppa, 799 F.2d at 120. Defendant may also proceed by proffer. See Suppa, 799 F.2d at 118 (citing Delker, 757 F.2d at 1390; 18 U.S.C. § 3142(f)). No single factor or combination of factors is dispositive. Levy, 2008 WL 4978298, at *1. The ultimate determination of this issue is for the Court "based on all evidence and arguments adduced." Id. The Court should consider Defendant's rebuttal evidence in light of certain factors, including: (1) the nature and circumstances of the offenses charged, including whether the offenses involve drugs or firearms;

(2) the weight of the evidence against Defendant; (3) the history and characteristics of Defendant; and (4) the nature and seriousness of the danger to the community that would be posed by Defendant's release. See Levy, 2008 WL 4978298, at *1; 18 U.S.C. § 3142(g).

Defendant did not present testimony from any witnesses concerning his character, health, or employment status. However, through his counsel, Defendant proffered that he has strong family ties in the area. (Hr'g Tr. 10:12-15.) Defendant made no proffer regarding evidence of steady employment, probably because he spent a significant portion of the past eleven years incarcerated for prior crimes. (See Hr'g Tr. at 10:16–18:5.) Instead, Defendant's principal arguments in favor of pretrial release focus on his culpability relative to the others charged in the Superceding Indictment and on the amount of time he would be incarcerated pretrial.[4]

1. *Nature and Circumstances of the Offenses Charged*

The offense charged that carries the statutory presumption, 18 U.S.C. § 924(c), involves not only possession of a firearm, but also possession and use during the commission of a violent crime. The Third Circuit Court of Appeals has held that a charge under section 924(c) is serious

---

[4] Defendant also argues that Principal v. Bowers, 432 F.3d 518 (3d Cir. 2005) counsels against pretrial detention because it holds that possession of a firearm is not considered a crime of violence pursuant to the Bail Reform Act. (Hr'g Tr. at 8:14-25.) Bowers is inapposite to the case at bar. The issue in Bowers is whether a defendant, charged as a felon in possession of a firearm under 18 U.S.C. §§ 922(g)(1) and 942(a)(2), has necessarily committed a "crime of violence" for the purpose of determining whether to release a defendant pretrial pursuant to 18 U.S.C. 3142(g). See Bowers, 432 F.3d 518. Here, Defendant is charged with a violation of 18 U.S.C. § 924(c), which triggers a statutory presumption that no condition or combination of conditions will reasonably guarantee the presence of Defendant at trial or the safety of the community. That a defendant charged under § 924(c) may be detained pretrial when he has failed to rebut the statutory presumption is well settled in this District. See, e.g., United States v. Matthews, No. 09-612-1, 2010 WL 2758704 (E.D. Pa. July 9, 2010 ); United States v. Williams, No. 08-201-4, 2009 WL 1544884 (E.D. Pa. June 2, 2009 ); United States v. Levy, No. 08-393, 2008 WL 4978298 (E.D. Pa. Nov. 20, 2008). The offense set forth in 18 U.S.C. § 924(c) was not the violation charged in Bowers, which renders its holding not applicable here.

enough to justify the imposition of the mandatory minimum.  See, e.g, U.S. v. Walker, 473 F.3d 71, 82-3 (3d Cir. 2007).  Moreover, Congress enacted 18 U.S.C. § 3142(e) with a specific focus on crimes involving firearms.  In Strong, the court noted that when enacting 18 U.S.C. § 3142(e), Congress explicitly stated that offenses involving the possession or use of a destructive device create a strong probability "that no form of condition or release will be adequate to protect the community."  Strong,  775 F.2d at 507.  The nature of this charge and its connection with violent crime all weigh against Defendant's pretrial release.

    2.    *Weight of the Evidence Against Defendant*

The weight of the Government's evidence against Defendant counsels against pretrial release.  The Government proffers that it has surveillance observations by law enforcement, supporting testimony of members of the Federal Bureau of Investigation and various police officers involved in the investigation and arrest of Defendant, and seized weapons including firearms, bullet proof vests, and knives. (Doc. No. 173, Ex. A at 2; Hr'g Tr. at 32:7-25.) Additionally, the Government asserts that it had an informant working with law enforcement giving real time information about a planned attack and murder which was then corroborated by the arrest of Defendant and his co-defendants. (Hr'g Tr. at 32:7–33:9.)

Defendant argues that because he is the last defendant listed in the Superceding Indictment and because he is not charged in Count One of the Superceding Indictment with conspiracy to participate in a racketeering (RICO) enterprise pursuant to 18 U.S.C. § 1962(d),  he is the least culpable among his codefendants. (Hr'g Tr. at 9:6–10:14).  While the Government concedes that this may be true (Hr'g Tr. at 28:7-20), being the least culpable in a group of codefendants charged with crimes of the nature of those contained in the Superceding Indictment

8

is not a compelling reason to grant pretrial release.

3. *History and Characteristics of Defendant*

With respect to the history and characteristics of Defendant, Defendant has been arrested and convicted multiple times over the last eleven years. (Hr'g Tr. at 26:1-15.) Defendant has, among other charges, three felony controlled substance convictions, two felony convictions relating to robbery, a conviction for tampering with the evidence in a case involving a violent crime, and a conviction for theft by unlawful taking. (Doc. No. 173 at 3; Hr'g Tr.at 26:10-15.) Defendant did not offer any convincing countervailing character evidence. Defendant's criminal record is a persuasive factor weighing against pretrial release.

4. *Nature and Seriousness of the Danger to the Community Posed by Defendant's Release*

Defendant has an extensive criminal record spanning approximately eleven years. Defendant is currently charged with the offense of carrying and using a firearm during the commission of a violent crime. These factors suggest that Defendant poses a risk to the safety of the community. Moreover, Defendant did not put forth any countervailing evidence to prove that he is not a danger to the community. Rather, Defendant's Counsel argued that house arrest with electronic monitoring would ensure Defendant's appearance at trial and the safety of the community. (Hr'g Tr. at 7:13-20.) This combination of conditions is insufficient to rebut the presumption that Defendant is a danger to the community or that he is a flight risk. See, e.g. United States v. Burgess, No. 2:09-cr-150, 2009 WL 2038148 (W.D. Pa. July 8, 2009) (denying the defendant's request for house arrest and electronic monitoring when the defendant failed to rebut statutory presumption under 18 U.S.C. § 3142(e)); United States v. Williams, No.

9

08-201-4, 2009 WL 1544884 (E.D. Pa. June 2, 2009 ) (finding that given the nature of the crimes at issue and the severity of the punishment if defendant were to be convicted, electronic monitoring would not ensure appearance at trial or the safety of the community); United States v. Abdullahu, 488 F. Supp. 2d 433 (D.N.J. 2007) ("Electronic monitoring and home confinement do not guarantee that defendant will not flee or endanger the community."); United States v. Merlino, No. 99-363, 1999 WL 557943 (E.D. Pa. July 30, 1999) (finding that $1,000,000 in real estate designated for potential forfeiture, house arrest, and electronic monitoring would not reasonably assure appearance of the defendant at trial or the safety of the community.)

Defendant's history of conflicts with the law, the evidence proffered by the Government, the probable cause supporting the charges in the Superceding Indictment, and the nature of the evidence proffered by Defendant at the Hearing, lead to the conclusion that Defendant has not met his burden to rebut the statutory presumption that he is a flight risk and a potential danger to the community.

## VI.    CONCLUSION

Based on the nature of the charges contained in the Superceding Indictment, the weight of the Government's proffered evidence against Defendant, Defendant's prior criminal record, and the statutory presumption applicable here, it is evident that at this stage in the proceeding no condition or combination of conditions will reasonably assure the appearance of Defendant at trial and the safety of the community. Accordingly, Defendant's Motion for Pretrial Release will be denied. An appropriate order follows.